I would like, in looking at this case and deciding how I could best clarify and amplify a few points, it occurs to me that I would like to take a few minutes just to emphasize a few facts that are very relevant as to the issue of the litigation privilege. Once I'm done with that, I'm going to talk about the litigation privilege, because there was a California case that was You didn't mention the litigation privilege until your reply brief, am I right? It was not mentioned in the initial, I'm sorry, the brief. It was mentioned in our first brief before this Court. Yes. The trial court, it was not mentioned in the initial motion. I see. I'm confused. Okay. Thank you. As we know, Carnes prevailed in the original case. He recorded an abstract of judgment to collect his fees. On December 11, 2002, Mr. Sullivan received a call from Mr. Gustamani's attorney saying, we would like to bond around this, find a supersedious bond so that we can proceed with going forward on the appeal without paying the judgment. What's the amount? It took Mr. Sullivan 10 days to get the amount. Sent the amount to the attorney for Mr. Gustamani. And then December 30th, and this is the important factor, December 30th, Mr. Gustamani's attorney contacted Mr. Sullivan and said, we're going to close on a refinancing bill tomorrow. No indication of no request for payoff had been received from any type of escrow. There had been no notice before that. Now, all of a sudden, they're telling Mr. Sullivan, we need to know tomorrow what the amount is going to be. There was, I think, fair to say at that point, a great deal of stress on both parties. Mr. Gustamani needed to know the amount in order to be able to get the money necessary to pay the debt and also to clear his property to allow for an additional loan. Mr. Carnes had a great deal of stress as well. He was concerned that if I file a full satisfaction of judgment, I will lose my right to attorney's fees and the right to request attorney's fees for the appeal that was pending at that point. Both attorneys then on both sides, feeling the stress, commenced writing letters back and forth trying to work through these issues and keep in mind, again, the short period of time available. They worked on it, and you'll see the letters in the record. They worked on it for a day. The next day, it was New Year's Day. And then on the second, they commenced the letter writing process again. At that point, the letters reflect in the record, the letters reflect that they had reached a consensus, at least in principle, that they would sign a stipulation that would allow for the attorney's fees issue to be preserved. But things kind of died at that point, and I think Mr. Zamani would take the position that he lost his financing, and for purposes of this appeal, we're going to go forward with that presumption. Things resumed again on January 28th. On that day, there was, Mr. Carnes' attorney pointed out, I still haven't been told why my numbers aren't correct. That's the number we stand by. Mr. Zamani then did what he could have done all along. He sent the payoff to Carnes, in this case by wiring it to his account, and then said under California law, you have 15 days to give me a satisfaction of judgment. The amount that he wired was not the full amount that Mr. Carnes believes he was entitled to, but within 12 days, they filed a satisfaction of judgment. The satisfaction of judgment was not on the form that was expected or anticipated by Mr. Zamani that should be used. And so he then objected to it. Kennedy. Is it in the form that Judge White thought was required under California law? I'm not sure that Judge White disagreed with that expressly, I guess by virtue of the fact that he felt this case needed to proceed. Well, Judge White explicitly held that the satisfaction of judgment filed did not satisfy the satisfaction of judgment requirement under California law because it held out the condition on attorney's fees on appeal. But the satisfaction of judgment that was filed did allow for the refinancing to occur. It remedied it. Yes, but that's not what I was talking about. I understand that. But my point is, was there a harm to Mr. Zamani at this point? But the California statute has a table of $100 and so on. So whether or not there's actually provable harm, nonetheless, the violation produces some sort of a table of, you know, fairly minimal amounts. Are we talking about the California statute that imposes a minimal penalty of some sort? I think that's 724.050. That's if this Court finds that that statute applies. Nonetheless, when Mr. Zamani or, I'm sorry, when Mr. Karnes filed the satisfaction of judgment that allowed the judgment to be released and the refinancing to occur, he did so in compliance with the litigation privilege. And that's where I need to go in this argument next. There was a case decided by the California Supreme Court after the briefing closed. And we sent a letter to the Court. I'm sure you received it, the Rasheem v. Cullen case. And in that case, the California Court addressed the issue of litigation privilege on a collection action. That case was against an attorney, and it was a default judgment. But the same essence, the same dispute occurred. There was a dispute about whether or not the judgment should have been executed on by that attorney. And the defendant in that case felt it shouldn't have been, so he filed the corollary action against the attorney, in that case, alleging malicious process, or yeah, malicious, abusive process. The California Court emphasized in its decision the importance of allowing attorneys to be able to go forward through the litigation process without the concern that either they or their clients are going to face an ancillary action arising out of the proceeding. In the case, when it talked about the litigation privilege and how it applies, the Court, first of all, pointed out that it applies only to communicative issues that go forward in the case. There were both issues in this case that Mr. Zamani claims caused him harm were communicative issues. The first one was the communication back and forth between the party regarding the amount of the judgment. Mr. Zamani says, you are giving me the wrong amount of the judgment. And by doing that, you are subject to damage or future litigation down the road because you didn't give me the correct amount. But I think a review of the record will show the attorneys were wrong. In a way, you're anticipating the issues in front of the district judge in this case were three. Number one, we've got the anti-SLAPP statute. Number two, we've got 12B6. And number three, then we've got is there diversity jurisdiction because the amount of controversy may have fallen away. And you're, I think, trying to get me to the point of saying, well, right or wrong on the merits, which the judge didn't get to. The only thing the judge got to under the anti-SLAPP was, number one, the behavior engaged in by your client is protected behavior under the anti-SLAPP statute. Everybody seems to concede that. And then the next question is, is there a good enough chance of prevailing by Mr. Zimani that the suit should be allowed to go forward or should I strike? And he says, listen, there's a good enough chance that he might win that I'm not going to strike at this point. And as to 12B6, he says this states a cause of action, but he hasn't gotten to prove. So those are the two questions in front of us. But the question on whether or not he's going to prevail, that's the issue where this litigation privilege comes in. Because if there's a litigation privilege, then he cannot prevail. In other words, if the communications back and forth between the attorneys on the issue of the amount was protected under the litigation privilege, and if the communication which he filed with the court on the satisfactory judgment of the court. Kennedy. Let me review the betting as to how much Judge White was aware of with respect to the litigation privilege. Was that argued to him at all or at what point was that argued to him? It was raised in the reply points in the opposition and then addressed in the reply His initial order did not address the litigation issue. So a motion to reconsider or amend that order was then submitted. And he responded to that and issued a second order. And then in the opposing brief in that case, this case before this court, it has not been addressed. His failure to address, Judge White's failure to address it below was not raised by the opposing counsel in the brief before this court. I would like to reserve what I have left for everybody. OK, fine. One question on gambling. I think it's a pleasure to mention this. The question before us is not the ultimate question on the merits, but the likelihood of success. Not even in a scoring scheme, but the likelihood. So are the questions that you have under that privilege and also the statutes, are matters that would be then in turn litigated if we were to find that there was a likelihood of success? No. Step back for just a moment and then approach gently. See what happens. OK. No. The reason that they are relevant now at this point in the proceeding is because if there is the absolute privilege, the absolute litigation privilege, then he cannot recover on the merits. Thank you. Well, you say it's absolute, but on the other hand, there's a pretty persuasive argument on the other side that this privilege section was enacted in 1800s in 7204054, 7204070, were enacted in 1982. Have they enacted a dead letter, is the question. Have they enacted what? I'm sorry. A dead letter. No. No, because these two statutes can be read to correlate with each other. And if you can harmoniously read two statutes, then that's how the statute should be interpreted. The harmoniousness is if there is conversation going on about, in this case, the judgment and the judgment amount, that's not covered under 724.050. What's covered there is when you say, OK, look, I'll take your judgment and I'll pay it, but in order to do that, you've got to do some other thing extrinsic to just paying the amount of the judgment as I believe it is owed. Thank you. Any further questions from the panel? At this point, no. Thank you. Mr. Zamani. Michael Zamani, please, the Court. There's only one question before this Court, Your Honor. And that question is that, does a citizen have a right that that right give him another right to do everything he can to further his rights, and in doing so, employs reckless conducts and engages in conducts that are despicable? And the answer to that question is no, because right next to 47, I also have 52.1a. If a person or persons, whether or not acting under color or law, interferes with threat by threat, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with exercise or enjoyment by any individual or individual rights of or individual of rights secured by the Constitution or the laws of the United States, that person will be prosecuted. I was a veteran in this case. And according to Judge White, when the judgments were issued, that lawsuit was no longer existed. And there was really nothing that they had to further their rights under that lawsuit. Excuse me. Also, the California Constitution, Article I, Declaration of Rights. All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and  goes further in Section 2, it says, every person may freely speak, like Karnes. Writes and publish his or her sentiments on all subjects, being responsible for abuse of their rights. That's what we have here. We have a person who thought he has a right to ruin my life. Because he had a judgment. And in doing so, it's interesting that the defendants, in every motion, this case never went to the trial, so I could never prove my case. In every motion, every letter they wrote, they took every opportunity to trash me as a person who's litigious, who goes and sues everybody. But they're the ones who sued me. I didn't sue them. Were they revenging for those people that I sued? This method of trashing, I mean, I have never seen anybody, as they said, have been in litigation quite often. That's my constitutional right. I never abused it. If I lost, I paid. If I won, I collected. That's what we're here for. In Mr. Sullivan, on behalf of his client, sent a letter, a motion, filed a motion for dispensing this case without oral argument. And I'm looking at it, and it is one-and-a-half page. In 19 – in 2003, Mr. Sullivan also filed another motion to dispense without oral arguments, and in that, I see nine page of trashing me, nine page, to tell the court we don't want to have an oral argument. This has been the way they have done it. This was a small case. I purchased a building from these people. It was a vacated building, and there was no tenants in it. I put a lot of money in it, close to $100,000. Clients purchased the building 10 years before they sold it to me for $800,000. They held on to it for almost 11 years, and they sold it for $1,150,000. I remodeled the building, and through some incident that they were asking for a release, I suspected it, and I had the building inspected for asbestos, and I found out there was asbestos in it. And what was the cost of it at that time? $40,000. What was the cost of it, would I have known when it was vacated? $5,000. Miniscule amount compared to the purchase price. No problem. But while even with the $40,000, my attorney was in a trial at that time. We weren't communicating that much. And they offered a $13,000 settlement on some other matter. And the contract also called for mediation. Mediation and arbitration. And we could have done both of those. I didn't initiate any of those because I didn't intend to sue. Even the $40,000 was minuscule compared to the $1,150,000. But what happened, before they filed a lawsuit, we were scheduled to go to a jam arbitration. And they came for the inspection, and they saw the building, and they saw they already knew the building was just recently replaced for over $1.6 million. They just couldn't stand it. Well, this guy comes in, he buys the building from us a year and a half ago. He already makes $400,000 on it. And we held it for 11 and a half years. We only made $250,000, and we put the rest of them back into it. So that's not the way to do business. I wasn't even planning to sue them. But nevertheless, they sued. I lost. I didn't know that I had to file for a bond for the attorney's fee, because that's not the way in state court. That's what my attorney told me. So a year and a half later, they attached my bank account. They measured my ex-wife, and I find out that I don't have the money right then. We had a mandatory settlement conference of this court, in that case, for about August 27th. And I was hoping that I can settle the case. We came to the settlement conference. We couldn't settle the case. I immediately embarked on posting a bond. And then at that time, I was under a lot of pressure from my bank. The whole board just fell on me, and I just had to do something. And I found out that in order to get a super serious bond, you have to have cash. Well, if I had cash, what would I need the bond for? So I told my attorney to talk to them about how much money we owed them. And they were telling me amount that I didn't think was right, but we agreed to do it. And we agreed, and the escrow was held. I didn't want them to escrow, because, Your Honor, I have been litigating this case. They are malicious to me. Maybe you're sitting over there, you don't know that. But I can see a person who is malicious to me 12 miles from now. I can see that. And they were why they didn't tell us who is the escrow officer, why didn't she tell us this. Why would you want to know? You want to get paid, that's all. Why would I have to disclose everything so you can go and ruin it for me? Anyway, and then among other things that they say. Just so you know how to allocate your time, you've got about 30 seconds left, and I won't be absolutely to the second, but if you could sum up, that would be useful. No problem. Basically, Your Honor, they did something wrong, and they just don't know what to do. And they just need to, somebody needs to listen to my damages. If I am full of it, then they kick me out. And if I'm not, pays for it. The question is that should I get that opportunity? I think I should. Thank you, Your Honor. Roberts. Thank you very much. Do you have any response? I have about 30 seconds. Okay. Your Honor, it sounds to me like the issue is whether or not Mr. Carnes could be represented by a zealous advocate. I'm sorry. I can't hear you. Whether Mr. Carnes could be represented by a zealous advocate. He was represented by a zealous advocate, and Mr. Zamani is upset by that. But the case, the machine case specifically says the purpose, one of the purposes for litigation privilege is to encourage zealous advocacy. Okay. Thank you very much. The second case now, this is Zamani v. Carnes, 04-17571, is submitted for decision.
judges: Hug, W. Fletcher, Holland